UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>ARTLOAN FINANCIAL SERVICES,<br>Debtor. | Case No. 13-cv-04320-JST<br>**ORDER ESTABLISHING "GOOD FAITH" SETTLEMENT AND BARRING INDEMNITY CLAIMS AGAINST SETTLING DEFENDANTS**<br>Re: ECF No. 12. |
| JANINA M. HOSKINS, Trustee in Bankruptcy of the Estate of ARTLOAN FINANCIAL SERVICES,<br>Plaintiff,<br>v.<br>RAY PARKER GAYLORD, *et al.*<br>Defendants. | |

**I.  INTRODUCTION**

Plaintiff Janina M. Hoskins, Trustee in Bankruptcy ("Plaintiff"), has moved for an order establishing that the settlement in this action was entered into in "good faith" within the meaning of Section 877.6 of the California Code of Civil Procedure. ECF No. 12. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that the parties' briefs have thoroughly addressed the issues and that the matter is suitable for disposition without oral argument. The January 9, 2014 hearing on this matter is hereby VACATED.

**II.  BACKGROUND**

    **A.  Procedural History**

On September 9, 2013, the Court granted a motion by Defendants Wiegel Law Group, PLC and Andrew J. Wiegel to withdraw the Bankruptcy Court reference in the above-captioned

case. On November 11, after reaching a settlement with Defendants Wiegel Law Group, Wiegel & Fried, LLP, Andrew J. Wiegel and Clifford Fried ("the Wiegel Defendants"), Plaintiff filed the instant motion. ECF No. 12. The Wiegel Defendants have joined in the motion, ECF Nos. 19, 20 & 21, and no party has opposed it.

### B. Jurisdiction

"[T]he district courts shall have original and exclusive jurisdiction of all cases under title 11 [the Bankruptcy Code]." 28 U.S.C. § 1334(a).

### C. Legal Standard

Federal courts apply Cal. Code Civ. Pro. § 877 and 877.6's "good faith" settlement provisions to the settlement of state-law causes of action. See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056, 1060 (9th Cir. 2011). "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c). The court will determine that a settlement is "in good faith" when the settlement "is within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." Tech-Bilt, Inc. v. Woodward-Clyde & Associates 38 Cal.3d 488, 499 (1985).

In making this determination, the court considers: "1. A rough approximation of plaintiffs' total recovery and the settlors' proportionate liability; 2. The amount paid in settlement; 3. The allocation of settlement proceeds among plaintiffs; 4. A recognition that a settlor should pay less in settlement than he would if he were found liable after trial; 5. The financial conditions and insurance policy limits of settling defendants; and, 6. The existence of collusion, fraud, or tortious conduct aimed to injure the interest of non-settling defendants." Yanez v. United States, 989 F.2d 323, 328 (9th Cir. 1993) (citing Tech-Bilt, 213 37 Cal. 3d at 499-500).

### III. ANALYSIS

Plaintiff has brought only state-law causes of action against the Wiegel Defendants. See

1    Second Amended Complaint, ECF No. 1-6.  Therefore, Cal. Code Civ. Pro. § 877.6's "good faith"

2    provisions apply to the settlement of those claims.

3         In the proposed settlement, the Wiegel Defendants will pay the Bankruptcy Estate

4    $210,000 and Plaintiff will execute a comprehensive release and dismiss her claims against them

5    with prejudice.  Plaintiff's complaint alleges that all defendants in this action have caused

6    damages "in excess of 3,000,000."  (The claims against the remaining defendants have been

7    settled for a total of $300,000.)   In light of the costs of litigation, the Wiegel Defendants'

8    defenses, and the limits in available insurance coverage, Plaintiff's total recovery is reasonable, as

9    is the Wiegel Defendants' proportionate contribution to that recovery.

10        This settlement is allocated to only one Plaintiff, there is no evidence of collusion, and the

11   case has been aggressively litigated.  Perhaps most importantly, no party in this action has ever

12   articulated a potential claim for indemnity against the Wiegel Defendants in the significant time

13   that the bankruptcy case has been pending, and no opposition to this motion has been filed.

14        The Court concludes, after considering all of the Tech-Bilt factors, that the settlement

15   between the Estate and the Wiegel Defendants was entered into in "good faith" within the

16   meaning of California Code of Civil Procedure Section 877.6, and that the settling defendants are

17   entitled to the relief requested.

### IV.   CONCLUSION

19        Good cause appearing:

20        IT IS HEREBY ORDERED that the settlement between the Plaintiff and Defendants

21   Wiegel Law Group, Wiegel & Fried, LLP, Andrew J. Wiegel, and Clifford Fried is deemed to be a

22   "good faith" settlement within the meaning of California Code of Civil Procedure Section 877.6.

23        IT IS FURTHER ORDERED that, pursuant to the provisions of California Code of Civil

24   Procedure Section 877.6.(c), Defendants Ray Parker Gaylord, Anthony Barreiro, and any other

25   alleged joint torfeasor or co-obligor, including Andrews Kurth LLP are barred from filing any

26   claims against Wiegel Law Group, Wiegel & Fried, LLP, Andrew J. Wiegel, and Clifford Fried,

27   their partners, associates, employees, and other affiliates released by the subject "Settlement

1  Agreement and Mutual Release of Claims" for equitable comparative contribution, or partial or
2  comparative indemnity, based on comparative negligence or comparative fault.
3  **IT IS SO ORDERED.**
4  Dated: January 3, 2014

_____
JON S. TIGAR
United States District Judge